IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA BARNES, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| VS. | : | |
| | : | |
| WAL-MART STORES, INC., | : | |
| Defendant | : | NO. 06-1356 |

**MEMORANDUM OPINION**

1.  Procedural Background

	Plaintiff, Norma Barnes (hereinafter, "Barnes"), filed a complaint in this matter on February 21, 2006, against Defendant, Wal-Mart Stores, Inc. (hereinafter, "Wal-Mart") alleging premises liability for personal injuries sustained while on Wal-Mart's premises. Said complaint was served upon Wal-Mart on March 7, 2006. Thereafter Wal-Mart removed the action to federal court on the basis of diversity. The parties consented to the exercise of jurisdiction by a magistrate judge pursuant to 28 U.S.C.A. § 636(c). The court referred the case to arbitration and, on, September 29, 2008, an award in the amount of $12,500 was granted in favor of Barnes.

	Barnes subsequently petitioned this court to mold the award to include delay damages. In response, Wal-Mart filed an Answer in Opposition to Plaintiff's Petition for Delay Damages, disputing the time period for which Barnes seeks delay damages, the federal court's application of Pa. R. Civ. P. 238, and the Rule's constitutionality.

2.  Applicable Law

	Pursuant to Pennsylvania Rule of Civil Procedure 238, the court may award a

1

prevailing plaintiff in an action for bodily injury or property damage compensation for the delay preceding judgment. See Pa. R. Civ. P. 238(a)(1). Delay damages are awarded from one year after the date original process was served up to the date of the award. See Pa. R. Civ. P. 238(a)(2). The time period for which delay damages shall be awarded excludes the period of time after which the defendant made a written offer of settlement or during which the plaintiff caused delay of trial. See Pa. R. Civ. P. 238(b)(1)-(2). Such damages are calculated at the rate "equal to the prime rate as listed in the first edition of the Wall Street Journal published for the calendar year for which the damages are awarded, plus one percent, not compounded." Pa. R. Civ. P. 238(a)(3).

Notwithstanding challenges to the nature of Rule 238 and its constitutionality, Pennsylvania's federal courts have consistently applied the Rule to mold verdicts to include delay damages. See Kirk v. Raymark Indus. Inc., 61 F.3d 147, 168 (3d Cir. 1995)(stating that Rule 238 is a substantive, rather than procedural, rule); Fauber v. KEM Transp. & Equip. Co., 876 F.2d 327, 328 (3d Cir. 1989)("...under *Erie*, [Rule 238] must be followed by federal courts sitting in diversity cases."); Zemaitatis v. Innovasive Devices, Inc., 90 F. Supp.2d 631 (E.D. Pa. 2000); Templin v. Hansford, 737 F. Supp. 27, 28 (E.D. Pa. 1990)(citing Fauber). Indeed, both the federal and state courts of Pennsylvania have concluded that Rule 238 meets the requirements of substantive due process under the United States and Pennsylvania Constitutions. See Templin, 737 F. Supp. at 30; Costa v. Lauderdale Beach Hotel, 626 A.2d 566, 568-71 (Pa.1993)(citing Laudenberger v. Port Authority of Allegheny County, 436 A.2d 147 (Pa. 1981) for resolution of the constitutional issues of Rule 238). In particular, the Templin court notes that the goal of Rule 238 is to foster the settlement of legitimate claims and reduce forum congestion and delay.

Templin, 737 F. Supp. at 29.  The court finds this objective to be reasonable and concludes that the Rule "bears a rational and substantial relation to its articulated objective." Id. at 30.

3.        Analysis

In accordance with Third Circuit jurisprudence on Pa. R. Civ. P. 238, this court shall apply the Delay Damages Rule to mold Barnes' verdict.  Wal-Mart was served with the complaint on March 7, 2006, thus the relevant time period begins on March 7, 2007.  See Pa. R. Civ. P. 238(a)(2).  The time period ends on September, 29, 2008, the date the Arbitration Award was rendered.  See id.  This time period does not exclude time in accordance with section (b)(1) of the Rule, as this court finds that the conditions for exclusion have not been met.  Wal-Mart did not make a written offer to Barnes in compliance with the Rule, nor did Barnes cause delay of trial through discovery disputes as Wal-Mart contends.  See Pa. R. Civ. P. 238(b)(1).

Pursuant to the Rule, Barnes' delay damages shall be calculated at the rate of 9.25% for the period in 2007 and 8.25% for the period in 2008.  See Pa. R. Civ. P. 238(a)(3) and Addendum to Explanatory Comment (Electronic Update 2009).  The total amount of delay damages awarded Barnes for the relevant time period is $1,718.49.   Said damages have been calculated as follows:

1. 3/07/07 to 12/31/07 (299 days of $12,500 at 9.25%), $1,156.25 x 299/365          $ 947.17
2. 1/01/08 to 9/29/08 (273 days of $12,500 at 8.25%),   $1,031.25 x 273/365          $ 771.32
                                                                                                                                   ──────────
                                                                                                                                   $1,718.49

This court shall mold the verdict of $12,500 to include delay damages of $1,718.49 for a total award in the amount of $14,218.49 against Wal-Mart.

**BY THE COURT:**


 **/s/ LINDA K. CARACAPPA**
**LINDA K. CARACAPPA**
**UNITED STATES MAGISTRATE JUDGE**